IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A.J. MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 2679 |
| v. | ) | |
| | ) | Judge Martha M. Pacold |
| RANDY PFISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

Plaintiff, Michael A. J. Mays, by his appointed attorney, Kevin S. Besetzny of Besetzny Law PC, and for his Response to the Partial Motion to Dismiss the First Amended Complaint brought by Defendants, Maurice Lake, Adam Walsh, Michael Ardolino and Carl Newey, states as follows:

1. On April 21, 2021, Plaintiff filed a First Amended Complaint pursuant to 43 U.S.C. §1983 based upon events that took place at Statesville Correctional Center on July 12, 2016.

2. At the heart of the First Amended Complaint is Plaintiff's claim (Count I) that Defendants' actions violated his rights under the Eighth Amendment of the United States Constitution.

3. In Count II, Plaintiff alleges a claim for assault and battery. In Count III, Plaintiff alleges a claim for intentional infliction of emotional distress. Counts II and III are brought under Illinois law.

4. Defendants, Maurice Lake, Adam Walsh, Michael Ardolino and Carl Newey, have moved, pursuant to FRCP Rule 12(b)(6), to dismiss Counts II and III of the First Amended

1

Complaint asserting that Plaintiff's claims are barred by the doctrine of state sovereign immunity. In the First Amended Complaint, Plaintiff alleged that each of these Defendants was a correctional officer employed by the Illinois Department of Corrections on Jul 12, 2016. These Defendants were sued in their individual and official capacities

5. These Defendants contend that Counts II and III are, in reality, claims against the State of Illinois which must be brought in the Illinois Court of Claims. Under the Illinois State Lawsuit Immunity Act, 745 Ill. Comp. Stat. 5/0.01 *et seq.*, the State of Illinois and its agents are generally immune from suit in any court except the Illinois Court of Claims. *See* 705 Ill. Comp. Stat. 505/8(a) (2020) (the Illinois Court of Claims has "exclusive jurisdiction to hear and determine ... [a]ll claims against the State founded upon any law of the state of Illinois"). Bernard v. Baldwin, 20-CV-5368, 2022 WL 847628, at 8 (N.D. Ill. Mar. 22, 2022).

6. A claim brought against a state employee is deemed a claim brought against the state when "there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State." Murphy v. Smith, 844 F.3d 653, 658 (7th Cir. 2016), aff'd, 138 S. Ct. 784, 200 L. Ed. 2d 75 (2018) (citations and internal quotation marks omitted). "The doctrine of sovereign immunity affords no protection, however, when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority." Leetaru v. Bd. Of Trustees of Univ. of Ill., 32 N.E.3d 583, 595 (Ill. 2015); *accord* Murphy, 844 F.3d at 658–59. This exception, termed the officer suit exception, "is premised on the principle that while legal official acts of state officers are regarded as acts of the State itself, illegal acts performed by the

officers are not." Murphy, 844 F.3d at 659 (citation omitted); Bernard v. Baldwin, 20-CV-5368, 2022 WL 847628, at 8 (N.D. Ill. Mar. 22, 2022).

7. "[S]overeign immunity precludes a lawsuit against an agent of the State of Illinois anywhere but in the Illinois Court of Claims unless the state's agent acts in violation of statutory or constitutional law or in excess of his or her authority." Smith v. Burge, 222 F. Supp. 3d 669, 696 (N.D. Ill. 2016). This exception to the rule of sovereign immunity is "premised on the principle that while legal official acts of state officers are regarded as acts of the State itself, illegal acts performed by the officers are not." Murphy v. Smith, 844 F.3d 653, 659 (7th Cir. 2016), aff'd, 138 S. Ct. 784, 200 L. Ed. 2d 75 (2018); Cusick v. Gualandri, 20-CV-06017, 2021 WL 5447041, at 11 (N.D. Ill. Nov. 22, 2021).

8. When a plaintiff "has plausibly alleged constitutional violations against all Defendants, Defendants are not protected by Illinois' sovereign immunity principles." Ellis v. Pfister, 2017 WL 1436967, at 5 (N.D. Ill. Apr. 24, 2017); Cusick v. Gualandri, 20-CV-06017, 2021 WL 5447041, at 11 (N.D. Ill. Nov. 22, 2021).

9. In the First Amended Complaint, Plaintiff has plausibly alleged constitutional violations against these Defendants stemming from their actions on July 12, 2016 at the Statesville Correctional Center. Therefore, they are not protected by Illinois sovereign immunity principles. These Defendants are "no more entitled to immunity than is a private individual who" commits an assault and battery and/or intentionally inflicts emotional distress on another person. The mere fact of these Defendants were employed by IDOC at the time of the conduct alleged should not endow them with heightened protection. See, Peirick v. Dudek, 20 CV 3013, 2020 WL 6682891, at 3 (N.D. Ill. Nov. 12, 2020).

10. Sovereign immunity does not apply if the plaintiff alleges that a state official or employee violated "statutory or constitutional law" or acted beyond the scope of their authority. Murphy, 844 F.3d at 658–59. While lawful and official acts of state officers are regarded as acts of the state itself, "illegal acts performed by the officers are not." Id. at 659 (quoting Leetaru v. Board of Trustees of Univ. of Ill., 2015 IL 117485, ¶ 46 (2015)). This exception is aimed "at situations where the official is not doing the business which the sovereign has empowered him or her to do or is doing it in a way which the law forbids." Leetaru, 2015 IL 117485, ¶ 47; Peirick v. Dudek, 20 CV 3013, 2020 WL 6682891, at 2 (N.D. Ill. Nov. 12, 2020).

11. Plaintiff's claims for assault and battery (Count II) and intentional infliction of emotional distress (Count III) are not claim brought against the state, but rather against these individual Defendants. The allegations against these Defendants are not based upon their lawful and official acts as corrections officers, but rather their illegal actions taken against Plaintiff.

12. A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Fields v. County of Cook, 19-CV-02680, 2020 WL 5296926, at 3 (N.D. Ill. Sept. 4, 2020).

13. Plaintiff's state law claims, similar to those alleged by the plaintiff in Bernard v. Baldwin, 20-CV-5368, 2022 WL 847628, at 9 (N.D. Ill. Mar. 22, 2022), stem from these Defendants' use of excessive force (Count I of the First Amended Complaint). In Bernard, it was alleged that Defendants' physical abuse, including striking him in his head and body, spraying him in his face with OC spray and gas foam spray during a cell extraction when Mr. Bernard was physically incapacitated caused him extreme emotional distress. As in Bernard, Plaintiff has alleged enough facts to state a claim for relief that is plausible on its face that these

Defendants (state agents) acted in violation of constitutional law and in excess of their authority (First Amended Complaint, ¶¶ 58-62), the doctrine of state sovereign immunity does not apply and Counts II and III of the First Amended Complaint should not be dismissed.

      Wherefore, Plaintiff, Michael A.J. Mays, respectfully requests that this Court deny the Partial Motion to Dismiss brought by Defendants, Maurice Lake, Adam Walsh, Michael Ardolino and Carl Newey, to dismiss Counts II and III of the First Amended Complaint, and that he be granted all further relief deemed appropriate.

                                                  Respectfully submitted,

                                                  /s/ Kevin S. Besetzny
By:_____
        Kevin S. Besetzny
        Besetzny Law P.C.
        221 N. LaSalle Street
        Suite 1612
        Chicago, IL  60601
        (312) 754-9129
        kbesetzny@besetznylaw.com
        ARDC No:  6198595

        *Counsel for Plaintiff*